**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Justin Sloan Medved, | No. CV-14-02191-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| G Murray Snow, et al., | |
| Defendants. | |

Pro se Plaintiff Justin Sloan Medved has sued United States District Judges John Joseph Tuchi and Grant Murray Snow. Docs. 1, 6, 8. Plaintiff has also filed an application to proceed in forma pauperis (IFP) (Doc. 2), a motion to allow electronic filing by a party appearing without an attorney (Doc. 4), and a motion entitled permission to the exercise of authority by District Judge (Doc. 7).

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). While much of § 1915 concerns prisoner litigation, § 1915(e) applies to all IFP proceedings. *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). "Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss[] sua sponte . . . a complaint that fails to state a claim[.]" *Id*. at 1130. "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127.

Plaintiff's claim against Judges Tuchi and Snow is based on decisions they made

in his previous lawsuits. *See Medved v. Medved*, No. CV-14-02005-PHX-JJT (September 15, 2014); *Medved v. Medved*, No. CV-14-02076-PHX-GMS (September 22, 2014). The Court has screened Plaintiff's complaints and finds that they fails to state a claim on which relief can be granted. The complaints are barred by the doctrine of judicial immunity.

The doctrine immunizes a judge from suit, not just from an ultimate assessment of damages. *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985)). "Judicial immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity." *Id.* "[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, *i. e.*, whether it is a function normally performed by a judge, and to the expectations of the parties, *i. e.*, whether they dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles*, 502 U.S. at 12.

By rendering decisions in lawsuits Plaintiff filed in federal court, Judges Tuchi and Snow were acting in their judicial capacities and had jurisdiction. *See United States v. Ruiz*, 536 U.S. 622, 628 (2002) ("[A] federal court always has jurisdiction to determine its own jurisdiction."). Plaintiff argues that the decisions of Judges Tuchi and Snow were malicious and erroneous. *See* Doc. 6, ¶¶ 9-24. Even if these allegations were true, however, the doctrine of judicial immunity would apply. *Mireles*, 502 U.S. at 11 (finding that "judicial immunity is not overcome by allegations of bad faith or malice").

Because judicial immunity bars Plaintiff's claims and they cannot be saved through amendment, the Court will dismiss this case with prejudice.

**IT IS ORDERED:**

1. Plaintiff's (Second) Amended Complaint (Doc. 8) is dismissed with prejudice.

2. All pending motions (Docs. 2, 4 and 7) are **denied as moot.**

3. The Clerk shall terminate this action.

Dated this 5th day of November, 2014.

*David G. Campbell*
United States District Judge

3. The Clerk shall terminate this action.

Dated this 5th day of November, 2014.

*signature: Daniel G. Campbell*

David G. Campbell
United States District Judge